## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FARID F. SHAFIK, <br><br>     *Plaintiff*, <br><br> vs. <br><br> ASTON MARTIN LAGONDA OF NORTH AMERICA, US AUTO TRUST LLC, ASTON SAN DIEGO LLC (D/B/A, ASTON MARTIN SAN DIEGO), MILLER MOTOR CARS, INC (D/B/A, ASTON MARTIN GREENWICH), ASTON MARTIN LAGONDA GLOBAL HOLDINGS PLC <br><br>     *Defendants*. | No. 3:23-cv-00207-MPS |

## RULING ON MOTIONS TO DISMISS

Plaintiff Farid Shafik brings claims for beach of express and implied warranties and violation of Connecticut's Lemon Law against Aston Martin Lagonda North America, Inc.; Aston Martin Lagonda Global Holdings PLC ("AMLGH"), Miller Motorcar, Inc. ("Miller"), Aston San Diego LLC ("ASD"); and US Auto Trust, LLC ("US Auto") regarding alleged defects in an Aston Martin vehicle he leased from 2019 to 2022. AMLGH, Miller, ASD, and US Auto move to dismiss the claims against them, each asserting a variety of grounds, including improper service under Rule 12(b)(5)—and, consequently, lack of jurisdiction under 12(b)(2)—and failure to state a claim under Rule 12(b)(6). For the reasons explained below, I grant US Auto's motion to dismiss, deny AMLGH's motion to dismiss without prejudice, and deny as moot Miller's and ASD's motions to dismiss.

I.      **BACKGROUND**

A.      **Factual Background**

The following facts are drawn from Shafik's second amended complaint as well as documents attached to the complaint.[1]  ECF No. 56.  These facts are accepted as true for the purpose of this motion.

Shafik alleges that in September 2019, Defendants "manufactured and/or distributed into the stream of commerce a new 2019 Aston Martin DB11" (the "vehicle").  *Id.* at 6.  In October 2019, Plaintiff leased the vehicle from Defendants.  *Id.*  Shafik alleges that upon leasing the vehicle, he received certain "express and implied warranties" from the Defendants, including:

> [W]arranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for Three (3) years or 36,000 miles and would conform the Vehicle to the applicable express warranties.

*Id.* at 7.

Thereafter, issues began to arise with the vehicle.  Shafik provided the vehicle to Defendants from May 6, 2020 to June 16, 2020 for repairs concerning the roof pump and airbags.  *Id.* at 8.  Shafik provided the vehicle to Defendants from May 10, 2022 to June 1, 2022 for repairs concerning a steering module failure, an ignition module failure, and other issues.  *Id.* From July 13, 2022 to July 27, 2022, Shafik provided the vehicle to Defendants for further repairs regarding the vehicle's airbags and ignition module.  *Id.*  Shafik also alleges that the

---

[1] "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."  *Newman Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996).

Defendants failed to notify him of two recall campaigns mandated by the National Highway Traffic Safety Administration regarding the vehicle's airbags and other "manufacturing defects." *Id.* at 9.  Shafik returned the vehicle upon the termination of the lease period on October 8, 2022. *Id.* at 12.

### B.      Procedural Background

Shafik filed this action *pro se* on February 16, 2023.  *See* ECF No. 1.  His original complaint listed Aston Martin Lagonda North America, Inc. and "Does 1 through 20" as defendants.  *Id.* at 1.  On May 27, 2023, Shafik filed an amended complaint that named three additional defendants, AMLGH, Miller, and ASD, ECF No. 23, and he filed a second amended complaint on August 12, 2023, adding US Auto as a defendant.  ECF No. 56.  He brings claims for: (I) breach of implied warranty of merchantability under the Magnuson-Moss Warranty Act; (II) breach of express warranty under the Magnuson-Moss Warranty Act; and (III) breach of Conn Gen. Stat. § 42-179, also known as the Connecticut "Lemon Law."  *Id.* at 13–21.

Following a status conference with the parties on June 13, 2023, Magistrate Judge Maria Garcia issued an order to show cause regarding improper service on the Defendants added in Shafik's first amended complaint.  ECF No. 34.  The order explained that Shafik's prior attempts to serve the new Defendants were deficient, and noted, in pertinent part, that "the plaintiff[']s proof of service does not indicate whether any of the Agent Defendants were served with the summons or the second amended complaint and its exhibits, as is required by Rule 4."  *Id.*  The order further set forth in detail the requirements of proper service and gave Shafik until July 13, 2023 to effect proper service.  *Id.*  Shafik has since filed several certificates of service.  *See, e.g.*, ECF No. 38; ECF No. 42; ECF No. 69; ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 96.

On August 29, 2023, AMLGH filed a motion dismiss for improper service, lack of personal jurisdiction, and failure to state a claim, ECF No. 66, and Miller and ASD filed motions to dismiss for improper service and lack of personal jurisdiction, ECF No. 67; ECF No. 68.  On September 7, 2023, US Auto filed a motion to dismiss for failure to state a claim.  ECF No. 89.

Shafik filed responses to each of the motions to dismiss, ECF No. 82; ECF No. 83; ECF No. 84; ECF No. 89, and each of the defendants filed a reply in support of its motion to dismiss, ECF No. 98; ECF No. 99; ECF No. 100; ECF No. 105.  In addition, Shafik filed "Plaintiff's Objection, Sustained Opposition and Motion to Deny/Reject" AMLGH's and Miller's motions to dismiss, which I interpret to be sur-replies in opposition to those motions to dismiss.  ECF No. 103; ECF No. 104.

The pending motions to dismiss are now ripe for adjudication.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(5)

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Boahen v. Trifiletti*, No. 3:18-CV-00171, 2019 WL 688412, at *3 (D. Conn. Feb. 19, 2019) (quoting 5B Wright & Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2002)).  "Valid service is required before a federal court may exercise personal jurisdiction over a defendant." *Darowski v. Wojewoda*, No. 3:15-CV-00803, 2016 WL 4179840, at *2 (D. Conn., Aug. 7, 2016).  "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010)  In addition, in considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a court must look to matters outside the complaint, such as the steps taken by the plaintiff to effectuate service, to determine whether it has

jurisdiction." *Darowski*, 2016 WL 4179840, at *2. "[T]he plaintiff bears the burden of establishing that service was sufficient." *Ahluwalia v. St. George's Univ.*, LLC, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (internal quotation marks omitted). "Where a defendant moves to dismiss under both Fed. R. Civ. P. 12(b)(5), for insufficient service of process, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim, the trial court will ordinarily consider the jurisdictional issues first." *George v. Pro. Disposables Int'l, Inc.*, 221 F.Supp.3d 428, 442 (S.D.N.Y. 2016) (internal quotation marks and alteration omitted).

**B.    Rule 12(b)(6)**

In deciding a motion to dismiss under Rule 12(b)(6), I must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), I must accept as true all of the complaint's factual allegations, *id.*, and must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted).

III.    **DISCUSSION**

A.    **AMLGH's Motion to Dismiss**

AMLGH moves to dismiss for insufficient service of process under Rule 12(b)(5), lack of

personal jurisdiction under Rule 12(b)(2) due to improper service, and failure to state a claim

under Rule 12(b)(6).  ECF No. 66.

1.    **Improper Service Under Rule 12(b)(5) and Lack of Jurisdiction Under**
      **Rule 12(b)(2)**

AMLGH[2] argues that it has not been properly served because it has not been served with

a summons.  *See* ECF No. 66-1 at 9–12; ECF No. 98 at 2; *see also* ECF No. 98-1 at 3.  AMLGH

also argues that this defect deprives this court of personal jurisdiction because "[b]efore a federal

court may exercise personal jurisdiction over a defendant, the procedural requirement of service

of a summons must be satisfied."  ECF No. 53-1 (incorporated by reference at ECF No. 66 at

13).

Rule 4(c) states, in pertinent part: "A summons must be served with a copy of the

complaint.  The plaintiff is responsible for having the summons and complaint served within the

time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes

service."  Fed. R. Civ. P. 4(c)(1).  "A Rule 12(b)(5) motion to dismiss must be granted if the

plaintiff fails to serve a copy of the summons and complaint on a defendant pursuant to Rule 4 of

---

[2] Service on AMLGH, a United Kingdom corporation, is governed by Rule 4(f).  Rule 4(f)(1) permits service on a foreign corporation "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  The United Kingdom is a signatory of the Hague Convention, and under Article 10(a) of the Hague Convention, service of process by certified mail on a foreign defendant in a signatory country is permissible so long as that country does not object to service by those means.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005).  Because the "United Kingdom does not object to service by" certified mail, *Lewis v. Madej*, No. 15-CV-2676, 2015 WL 6442255, at *11 n.4 (S.D.N.Y. Oct. 23, 2015), service of AMLGH via certified mail is proper.

the Federal Rules of Civil Procedure[].” *DeMoss v. City of Norwalk Bd. of Educ.*, No. 3:05-CV-736, 2007 WL 3432986, at *2 (D. Conn. Nov. 14, 2007).

Shafik makes several arguments in response to AMLGH's motion to dismiss for improper service.  First, he argues that AMLGH's motion to dismiss is not properly before the Court because counsel for AMLGH did not file an appearance prior to filing the motion.  ECF No. 82 at 2–4.  As an initial matter, Shafik does not cite any authority for the proposition that motions filed by parties that have not appeared are not properly before a court, nor can I find any such authority.  AMLGH contends that it has not been served with a summons, and “a summons is necessary in order to direct an entity or individual to participate in a civil action.”  *Gray v. United States*, No. 3:11-MC-00023, 2012 WL 12757, at *1 (D. Conn. Jan. 4, 2012).  In any event, I need not consider this argument because counsel did, in fact, appear on behalf of AMLGH prior to the filing of its motion to dismiss.  *See* ECF No. 60 (counsel appearing on behalf of AMLGH on August 14, 2023); ECF No. 66 (AMLGH filing its motion to dismiss on August 28, 2023).

Second, Shafik argues that District of Connecticut Local Rule 3(a)(2) exempts *pro se* litigants from serving a summons on defendants.  ECF No. 82 at 5–7.  This misconstrues Local Rule 3(a)(2).  Part (a) of Local Rule 3, which is entitled “Commencement of Action,” addresses the procedures regarding “Complaint[s] or Other Initiating Document[s].”  D. Conn. L. Civ. R. 3(a).  Subpart (2) states, in pertinent part, that “[w]hen a case is initiated by a complaint filed in paper form, the complaint shall be accompanied by a summons if required, and a Civil Cover Sheet.  Upon request the Clerk's office will furnish these forms.  Self-represented parties are exempted from the requirements of this paragraph.”  D. Conn. L. Civ. R. 3(a)(2).  By its express terms, this provision governs only the commencement of an action in “paper form,” not service

of process.  This provision has no bearing on the requirements for service of process, which are governed by Federal Rule of Civil Procedure 4.  Judge Garcia specifically instructed Shafik that a summons was required for proper service of process.  *See* ECF No. 34 (informing Shafik that his "proof of service does not indicate whether any of the Agent Defendants were served with the summons or the second amended complaint and its exhibits, as is required by Rule 4.  Accordingly, **it is hereby ORDERED that the plaintiff has until July 13, 2023 to either (1) properly serve Defendants Aston Martin San Diego, Miller Motor Cars, Inc., and Aston Martin Lagonda Global Holdings, PLC with the summons, second amended complaint, and exhibits, and file proof of such service; or (2) show cause as to why these defendants should not be dismissed for lack of jurisdiction**." (internal citation omitted) (emphasis in original)).  Thus, Shafik was on notice of the requirements of proper service.

Third, Shafik suggests that alternative methods of service suffice to meet the service requirements.  ECF No. 82 at 7–9, 10.  He suggests that service of AMLGH's counsel via email satisfies Rule 4(h)(1)(B), which permits service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  But Rule 4(h)(1)(B) does not permit service via email.  Moreover, AMLGH has not appointed its counsel to act as its agent, ECF No. 98-1 at 4, and there is no indication that AMLGH's counsel either has been appointed as an agent by law or is an officer of the corporation.  Shafik also argues that service of AMLGH's counsel via email satisfies Rule 5(b)(1), which states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1).  But Rule 5 "dictates the manner in which parties not in default for failure to appear shall be served with all papers and pleadings

*subsequent to the service of the summons and the original complaint* . . . [and] directs the filing

of those papers.  Service of the summons and the original complaint itself is governed by Rule

4."  4B Wright & A. Miller, Fed. Prac. & Proc. § 1141 (4th ed. 2022) (emphasis added); *see also*

Fed. R. Civ. P. 5(a)(1)(B).  As the Court has previously instructed Shafik, it is Rule 4, not Rule

5, that governs service of process of the summons and original complaint.  From the standpoint

of each Defendant, the "original complaint" is the first complaint that names that Defendant.  *See*

*e.g.*, *Brown v. Rowe*, No. 12-CV-691, 2012 WL 5449588, at *6 (N.D.N.Y. Nov. 7, 2012)

(explaining that the plaintiff "must effect service of process of the new complaint and a

summons on the newly-named defendant.").

 Fourth, Shafik indicates that he has, in fact, served a summons on AMLGH.  ECF No. 82

at 9.  But the proof of service that Shafik cites makes clear that no summons was served.  ECF

No. 77 at 3 (listing documents served without mention of a summons).  Indeed, the documents

cited in that proof of service were served prior to the issuance of the summons for the second

amended complaint.  *See id.* (indicating that the documents cited in the proof of service were

received on July 6, 2023, prior to the issuance of the summons for the second amended

complaint, which was issued on August 16, 2023, *see* ECF No. 64).  In addition, in his sur-

reply,[3] Shafik indicates that he served AMLGH the day after it filed its motion to dismiss.  *See*

ECF No. 103 at 3–4; ECF No. 103-1 at 2 (indicating that the package was received on August

29, 2023).  But the proof of service to which Shafik points does not indicate that the summons

was included as a part of the package, and Michael F. Marecki, General Counsel for AMLGH,

avers that as of September 18, 2023, he had "not been served with a summons in the above-

---

[3] "[T]he Federal Rules of Civil Procedure do not authorize litigants to file sur-replies, and this Court's practices specifically prohibit it."  *Cunningham v. Lupis*, 3:21-CV-00273, 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024). Nevertheless, given Plaintiff's *pro se* status, I will consider his sur-reply.

captioned lawsuit in the United Kingdom pursuant to the Hague Convention."  ECF No. 98-1 at

3.  Thus, Shafik has not met his burden of demonstrating that a copy of the summons was served

on AMLGH.  *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007) ("Once validity

of service has been challenged, it becomes the plaintiff's burden to prove that service of process

was adequate.").

Nevertheless, the Second Circuit has explained that when district courts consider whether

to dismiss a complaint for failure to properly serve, *pro se* plaintiffs "should be granted special

leniency."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  The Second

Circuit has cautioned against a "[a] wooden reading of the rule [which] would ignore its purpose:

to insure that service is reasonably calculated to provide a defendant with actual notice of the

action."  *United States v. Mellon*, 719 F. App'x 74 (2d Cir. 2018).

Here, there is no question that AMLGH is on notice of this action.  *See* ECF No. 98-1.

Therefore, "the appropriate remedy at this time is to give plaintiff a further opportunity to perfect

service."  *Kennedy v. Peters*, No. 6:23-CV-195, 2023 WL 5977237, at *3 (N.D.N.Y. Sept. 14,

2023).  Shafik shall have an additional 30 days in which to do so.  Thus, I deny without prejudice

AMLGH's motion to dismiss under Rule 12(b)(5) and Rule 12(b)(2).  However, at this stage in

the litigation—that is, over one year after the initial complaint was filed—and after providing

Shafik with detailed instruction as to how to go about making proper service and giving him

multiple chances to rectify his improper service, I will not grant him any further extensions of

this deadline.

### 2.      Failure to State a Claim Under Rule 12(b)(6)

AMLGH also moves to dismiss the claims against it for failure to state a claim under

Rule 12(b)(6).  AMLGH does not argue that Shafik fails to meet the specific pleading

requirements of each of his claims; rather, it argues that AMLGH should be dismissed because "[t]he generalized allegations found in the Amended Complaint are . . . conclusory and nonspecific" and because Shafik "does not attribute any specific conduct to AMLGH, let alone conduct that would give rise to Plaintiff's claims." ECF No. 66-1 at 14, 16.

It is true that the vast majority of Shafik's allegations attribute conduct to all "Defendants" generally, and a complaint may not simply "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). But Shafik does more—albeit just barely so—by specifically alleging that "[a]s noted by Defendant's Counsel, Mr. Curtis Berglund, Aston Martin Lagonda Global Holdings, PLC is the manufacturer of the noted vehicle." ECF No. 56 at 5. AMLGH argues that its counsel never indicated that AMLGH manufactured the vehicle at issue and further that this assertion is factually incorrect. ECF No. 66 at 15–16. But at this stage in the litigation, I must accept as true all of the complaint's factual allegations. *See Ashcroft*, 556 U.S. at 678. Assuming that this allegation is true, Shafik has done enough to state a plausible claim against AMLGH. Each of Shafik's claims—breach of implied and express warranties and breach of the Connecticut Lemon Law—is premised on the allegation that the vehicle was defectively manufactured.[4] Thus, drawing all reasonable inferences and liberally construing the complaint to raise its strongest possible arguments, Shafik has alleged factual material that, if true, could plausibly lead to AMLGH's liability on one or more counts. As such, I deny AMLGH's motion to dismiss under Rule 12(b)(6).

---

[4] It is possible that the breach of warranty claims against AMLGH, as the alleged manufacturer, will ultimately fail for lack of privity if those claims are governed by Connecticut law. *See Napoli-Bosse v. Gen. Motors LLC*, No. 22-CV-1861, 2023 WL 7485796, at *2 (2d Cir. Nov. 13, 2023) ("Connecticut law requires privity to establish a breach of warranty claim, at least in circumstances in which there is another available cause of action."). But AMLGH has not raised this issue, and the parties have not briefed the choice of law question.

**B.      ASD's and Miller's Motions to Dismiss**

ASD and Miller move to dismiss the claims against them under Rule 12(b)(5) and Rule 12(b)(2) for improper service.  ECF No. 67; ECF No. 68.  Specifically, they, like AMLGH, argue that they have not been served with a summons and that "no completed proofs of service for the summons have been made to the Court, as required under Fed. R. Civ. P. 4(l)."  ECF No. 67-1 at 11; ECF No. 68-1 at 11.

Subsequent to ASD's and Miller's motions to dismiss, however, Shafik filed proofs of service indicating that he has served ASD and Miller with summonses.  *See* ECF No. 79; ECF No. 80.  The proof of service for ASD, which was made by affidavit of a process server, indicates that Shafik provided the process server with a summons on August 16, 2023 and that the process server served ASD via an authorized agent the following day.  ECF No. 79.  The affidavit also lists the name and address of the agent.  *Id.*  The proof of service for Miller, which was also made by affidavit, indicates that the process server served Miller with a copy of the summons and complaint on August 28, 2023, and it likewise lists the name and address of the authorized agent upon whom the documents were served.  ECF No. 80.  These affidavits comply with Federal Rule of Civil Procedure 4(l), which requires the plaintiff to make proof of service to the Court "by the server's affidavit," unless service was made by a United States marshal.  Fed. R. Civ. P. 4(l).

Though Shafik served ASD and Miller past the Court's deadline of July 13, 2023, *see* ECF No. 34, given Shafik's *pro se* status, I must afford him "special leniency."  *LeSane*, 239 F.3d at 209.  As such, I deny as moot ASD's and Miller's motions to dismiss.

### C.    US Auto's Motion to Dismiss

US Auto moves to dismiss the claims against it under Rule 12(b)(6) for failure to state a claim.  ECF No. 89-1 at 8–10.  Specifically, it argues that "[t]he Amended Complaint does not articulate what specific conduct by US Auto Trust, LLC gives rise to Plaintiff's claims against it."  *Id.* at 9.

Shafik's allegations against US Auto are as follows:

> US Auto Trust, LLC, is the owner of Aston San Diego LLC (d/b/a, Aston Martin San Diego).  US Auto Trust LLC has established themselves as the owner of Aston San Diego LLC and the facilitator and marketer of Aston Martin and other luxury branded vehicles, through their website https://www.usautotrust.com/.  US Auto Trust LLC, through their filing Dkt # 51, identified Aston San Diego LLC as the retailer that leased the defective Vehicle to Plaintiff.

ECF No. 56 at 3–4.  This is not enough to state a plausible claim for relief against US Auto.  The mere fact that US Auto is the "owner" of ASD, without more, does not suffice to state a claim against US Auto.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).[5]  A parent and subsidiary are "treated as separate and distinct legal persons" even where the parent "owns all the shares in the subsidiary" and they share "identical directors and officers."  *SFA Folio Collections, Inc. v. Bannon*, 217 Conn. 220, 232 (1991).  Though the corporate veil is not impenetrable, courts will pierce the veil only under "exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice."  *Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 233 (2010) (internal

---

[5] US Auto and ASD are limited liability companies, not corporations, but the same rationale applies.  *See Sturm v. Harb Development, LLC*, 298 Conn. 124, 132 (Conn. 2010) ("A limited liability company is analogous to a corporation for purposes of piercing the corporate veil . . . .").

quotation marks omitted).  Here, Shafik makes no allegation that US Auto has abused the corporate form, nor does he make any other allegation that would warrant piercing the corporate veil.  As such, US Auto's ownership of ASD is insufficient to state a plausible claim against US Auto.

Nor is the fact that US Auto is allegedly the "facilitator and marketer of Aston Martin and other luxury branded vehicles" enough to state a plausible claim against it.  As an initial matter, this allegation is simply too vague to state a plausible claim for relief.  Moreover, Shafik does not allege that he was wronged or harmed in any way as a result of US Auto's "facilitat[ing] and market[ing]" of Aston Martin vehicles.  Thus, Shafik's allegation that US Auto is a "facilitator and marketer" of Aston Martin vehicles is insufficient to state a claim against it.  In short, Shafik does not allege facts sufficient to state a plausible claim against US Auto, and so I grant US Auto's motion to dismiss.

## IV.    CONCLUSION

For the reasons explained above, I grant US Auto's motion to dismiss, deny Miller's and ASD's motions to dismiss as moot, and deny AMLGH's motion to dismiss without prejudice. Within 30 days of the issuance of this order, Shafik must perfect service on AMLGH and file proof of service in compliance with Rule 4(l).  Given the many issues with service that have arisen in this case, Shafik must include with his proof of service scans of the documents served upon AMLGH.  If Shafik fails to properly serve AMLGH within 30 days, AMLGH may renew its motion to dismiss under Rules 12(b)(5) and 12(b)(2).

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       March 12, 2024